UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-05565-RGK-KS | Date | November 3, 2021 |
|---|---|---|---|
| Title | *Anna Luna v. Ford Motor Co. et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**         (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 14].

## I.     INTRODUCTION

On June 3, 2021, Anna Luna ("Plaintiff") filed a complaint in California State Court against Ford Motor Co. ("Defendant") for (1) breach of implied warranty of merchantability; and (2) breach of express warranty under the Song-Beverly Consumer Warranty Act. On July 9, 2021, Defendant removed the case to federal court based on diversity jurisdiction and simultaneously filed an Answer.

On September 28, 2021, Plaintiff filed the instant Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** the Motion.

## II.    FACTUAL BACKGROUND

Plaintiff alleges the following:

On July 29, 2017, Plaintiff signed a purchase agreement ("Purchase Agreement") for a new 2017 Ford F-350 ("Vehicle"). Along with the Vehicle, Plaintiff received written and other express and implied warranties, including 36,000 miles of basic warranty and five years or 60,000 miles powertrain warranty.

Since purchasing the Vehicle, however, Plaintiff has delivered it to Defendant's authorized service and repair facilities at least fourteen separate times, rendering the Vehicle out of service. Each time Plaintiff delivered the Vehicle to Defendant's authorized service facility, the facility represented to Plaintiff that following repairs, the Vehicle would conform to the applicable warranties. Plaintiff claims that the warranties covered all repairs but that nonconformities continue to exist even after a reasonable number of attempts to repair.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05565-RGK-KS | Date | November 3, 2021 |
|---|---|---|---|
| Title | *Anna Luna v. Ford Motor Co. et al* | | |

### III. JUDICIAL STANDARD

Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### IV. DISCUSSION

Plaintiff argues that Defendant has failed to establish the amount in controversy exceeds $75,000.[1] Specifically, Plaintiff asserts that Defendant's amount in controversy calculations are too speculative to establish the jurisdictional amount by a preponderance of the evidence. The Court agrees.

The Song-Beverly Act provides that "[I]f the manufacturer . . . does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2 (d); (*See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)).

Here, Plaintiff entered into an installment contract when purchasing the Vehicle, yet Defendant instead attempts to use the Manufacturer's Suggested Retail Price, or the total amount owed under the Purchase Agreement to satisfy the jurisdictional amount. (Won Decl. Ex 1,1, ECF No. 15-1.) The installment contract reveals that Plaintiff paid $12,750 as a down payment for the Vehicle. (*Id.*) Defendant has alleged no facts regarding any other amounts Plaintiff has actually paid towards for the Vehicle under the installment contract. Defendant—as the seller of the Vehicle— has access to the information that would reveal the amount Plaintiff has actually paid on the Vehicle and has failed to

---

[1] Because Defendant fails to establish the amount in controversy requirement is met, the Court does not reach whether Defendant established the complete diversity of the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-05565-RGK-KS | Date | November 3, 2021 |
|---|---|---|---|
| Title | *Anna Luna v. Ford Motor Co. et al* | | |

provide it.[2] Without this amount as a starting point, even if there were facts indicating that civil penalties might apply, the amount of those penalties is too speculative.

Therefore, Defendant fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

V.     **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to Ventura County Superior Court.

**IT IS SO ORDERED.**


cc: Superior Court, Ventura County
    Case No. 56-2021-00555057-CU-BC-VTA

_____ : _____
Initials of Preparer    jre

---

[2]     Defendant requests that the Court reserve its ruling and grant Defendant jurisdictional discovery if it finds the amount in controversy or complete diversity requirement lacking. However, Defendant—as the seller of the Vehicle—has access to the necessary information to establish that the amount in controversy exceeds $75,000. Yet, Defendant fails to bring forth this information. Therefore, the Court denies Defendant's request.